No. 05-233

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 105N

JACK B. GEHRING,

        Plaintiff and Appellant,

    v.

STATE OF MONTANA; LEWIS AND CLARK
COUNTY, MONTANA; CITYOF HELENA,
MONTANA; RAY TALLEY; and BILL BAHNY,

        Defendants and Respondents.

APPEAL FROM:    The District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. CDV 2004-624,
                Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jack B. Gehring, *pro se*, Helena, Montana

        For Respondents:

            Honorable Mike McGrath, Attorney General; John A. Kutzman,
            Assistant Attorney General, Helena, Montana (State of Montana)

            Allen B. Chronister, Harlen, Chronister, Parish & Larson, P.C.,
            Helena, Montana (Lewis & Clark County)

            Chad E. Adams, Browning, Kaleczyc, Berry & Hoven, P.C.,
            Helena, Montana (City of Helena)

            K. D. Feeback, Gough, Shanahan, Johnson & Waterman,
            Helena, Montana (Talley)

            Julia W. Swingley, Drake Law Firm, P.C., Helena, Montana (Bahny)

                                Submitted on Briefs:  November 16, 2005
                                            Decided:  May 9, 2006

Filed:

                    _____
                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Jack Gehring (Gehring) appeals the orders entered in the First Judicial District Court, Lewis and Clark County, dismissing the complaint against the Respondents.  We affirm.

¶3    We consider the following issue on appeal:

¶4    Did the District Court err by dismissing the complaint against the Respondents?

BACKGROUND

¶5    Gehring filed a complaint against the State of Montana; Lewis and Clark County, Montana; City of Helena, Montana; Ray Talley; and Bill Bahny (collectively, Respondents) demanding "$10,000,000.00 from all government defendants, and $50,000 from Ray Tally [sic], and Bill Bahny; collected by the Court, paid to Gehring," implying that the Respondents have not controlled noxious weeds on their property and that the weeds have spread to Gehring's property.

¶6    In an order dated January 24, 2005, the District Court dismissed the complaint against the State for failure to comply with § 2-9-301, MCA, and granted Gehring twenty days to amend the complaint to state a proper claim against the remaining parties.  On

2

February 3, 2005, Gehring filed a document denominated "Reply to Order of Judge Honzel recieved [sic] Jan. 26, 2005." In an order dated March 4, 2005, the District Court granted the remaining Respondents' motions to dismiss for failure to state a claim upon which relief could be granted.

¶7    Gehring appeals.

## STANDARD OF REVIEW

¶8    A district court's grant of a motion to dismiss is a conclusion of law that we review for correctness. *Bar OK Ranch Co. v. Ehlert*, 2002 MT 12, ¶ 31, 308 Mont. 140, ¶ 31, 40 P.3d 378, ¶ 31.

## DISCUSSION

¶9    **Did the District Court err by dismissing the complaint against the Respondents?**

¶10    On appeal, Gehring argues the merits of his damage claim, including assertion of a constitutional remedy, but fails to present any argument concerning the issue this Court must address—that is, whether the District Court erred in dismissing his complaint because it failed to properly set forth a claim. Rule 23(a)(4), M.R.App.P., requires a party to argue "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." Gehring does not argue with respect to the issue presented nor cite to authorities that would support a conclusion that the District Court's dismissal of the complaint was error. "Under Rule 23, M.R.App.P., it is not this Court's obligation to

3

conduct legal research on appellant's behalf, to guess as to his precise position, or to develop legal analysis that may lend support to his position." *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, ¶ 19, 983 P.2d 339, ¶ 19. Therefore, we conclude that the District Court did not err by dismissing the complaint against the Respondents.

¶11   Affirmed.


/S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS


Justice James C. Nelson concurs.

¶12   I concur in our Opinion to the extent that it affirms the trial court's dismissal of Gehring's complaint.

¶13   That is not the whole story of this case, however. As noted in the Court's Opinion, Gehring's *pro se* suit in District Court claimed $10,000,000.00 in damages from all of the government defendants and $50,000.00 from two private citizen defendants based on allegations that the defendants allowed noxious weeds to propagate and go to seed on his property. Without boring the reader with an exhaustive recitation of the

4

procedural history of this case, suffice it to say that, as the Opinion points out, eventually the trial court dismissed Gehring's complaint, as amended, for failure to state a claim, under Rule 12(b)(6), M.R.Civ.P. Among other problems noted by the court was that Gehring failed to follow procedural rules and that his pleadings were so vague and ambiguous that a party could not reasonably be required to frame a response.

¶14 Gehring appealed, and filed his "opening brief" on April 28, 2005, a copy of which is attached hereto. (Gehring's reply briefs were no better).

¶15 As one can see, Gehring's brief on appeal consists of two and one-half handwritten pages (there is a half page certificate of service). The brief does not even minimally comply with the Montana Rules of Appellate Procedure. Gehring makes no coherent arguments; he cites no authority; and he refers to irrelevant facts which are not part of the record. In short, Gehring's brief is about as worthless a vehicle for appellate review of a trial court's decision, as I have encountered in nearly thirteen years on the bench.

¶16 Not surprisingly, and as they should have, counsel for the various Respondents moved to dismiss this appeal citing, among other authorities, Rule 23(a)(4), M.R.App.P. On June 1, 2005, while acknowledging that Rule, we entered our Order denying these various motions on the ground that our policy is to favor "trial" on the merits (although this was an appeal, not a trial); that we favor deciding a case on its merits and not on procedural grounds (although there were no apparent merits on which to decide this case); and because—in an untypical outpouring of charity—"Gehring's brief on appeal,

5

though not a model of clarity or conformity, deserves consideration." I dissented from our Order, noting that there was no good reason why this Court, the District Court, and counsel for the Respondents should have to waste time trying to respond to Gehring's brief or make his sow's ear into a silk purse.

¶17 However, having thus bestowed an undeserved aura of legitimacy on Gehring's briefing effort, counsel (from some of the most prestigious law firms in Helena) duly briefed the case on appeal. Browning, Kaleczyc, Berry & Hoven, P.C., representing the City of Helena, filed a twelve page brief with an appendix; Gough, Shanahan, Johnson & Waterman, representing Ray Talley, filed a twenty-eight page brief with exhibits; Harlen, Chronister, Parish & Larson, P.C., representing Lewis and Clark County, filed a six page brief; the Agency Legal Services Bureau, representing the State of Montana, filed a sixteen page brief with an appendix; and the Drake Law Firm, P.C., representing Bill Bahny, filed a nine page brief. Each of the Respondents' counsel made excellent and cogent arguments, cited substantial authority, and complied fully with the Montana Rules of Appellate Procedure. In total, counsel for the government and citizen defendants filed seventy-one pages of briefs, in response to Gehring's two and one-half pages of claptrap.

¶18 And, who could fault counsel? Their clients were faced with a lawsuit claiming millions of dollars of damages on which we had thrown "holy water" by refusing to grant obviously meritorious motions to dismiss a patently unmeritorious appeal. In a Court which invokes Rule 23(a)(4), M.R.App.P. with near religious ferocity to dump issues and

6

cases that are not appropriately argued and authoritatively supported,[1] we, for some reason, determined to ignore that Rule in a case which best exemplifies why the Rule exists at all. That counsel should, therefore, take us at our word and vigorously defend their clients should come as no surprise to anyone.

¶19 The upshot of all this is that we have now come around to the decision that we should have come to before we put counsel for the Respondents to the time and effort of briefing an appeal that was "DOA" at the Clerk's office. Worse, we have saddled the taxpayers with, who knows, how many thousands of dollars in legal fees and costs— which counsel earned in preparing and filing excellent briefs, and in achieving a favorable and appropriate result for their clients. And, we have wasted this Court's limited time and resources in having to read all the stuff that was filed in this case and then write opinions thereon.

¶20 The October 2005 issue of the *Montana Lawyer* details the "profound level" of unmet legal needs in this State and the critical disparity in access to justice between those with money to hire attorneys and those without. Every year more and more poor and middle class citizens with meritorious claims are forced to represent themselves in court proceedings; and hardly a month goes by that this Court and the State Bar do not exhort lawyers to higher commitments to *pro bono* work. Every year the State Bar and other

---

[1] Since January 1, 2000, Rule 23(a)(4), M.R.App.P., has been invoked 134 times in our jurisprudence, and this figure does not include the hundreds upon hundreds of unpublished opinions and orders in which we have utilized the Rule.

organizations sponsor seminars and symposia dealing with equal access to justice issues. There are simply not enough lawyers and court resources to go around.

¶21   Sadly, Gehring, (and others like him who consistently abuse the court system) are an affront to all those *pro se* litigants trying their best to prosecute legitimate claims within the rules of our court system.  The Gehrings of this State waste the time and resources of the courts, and they squander the time of attorneys, who might otherwise have more time to devote to *pro bono* work and to helping people with real legal problems.

¶22   While I concur in our decision, I would remand this case to the District Court, pursuant to Rule 32, M.R.App.P., with instructions to hold an evidentiary hearing and to then award to the Respondents and against Gehring each and every penny of legal fees and costs incurred in their defense of this patently frivolous appeal.  If nothing else, the taxpayers should not have to pick up the tab for this farce.

¶23   With that caveat, I concur.


                                                    /S/ JAMES C. NELSON

From Jack B. Gehring
5488 Lincoln Road
Helena, Montana 59602
Phone 449-7849
about April 26, 2005

ORIGINAL
FILED
APR 2 8 2005
Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

In the Supreme Court of the State of Montana

Jack B. Gehring,                    No. 05-233
Plaintiff, appellant
        vs.
State of Montana, Lewis and
Clark County, Montana, City of
Helena, Montana, Ray Tally
and Bill Bahny,
Defendants, Respondents.

The only important issues are:
The Mandatory Montana Constitution
Article II Section 3 in part, "They include
the right to a clean and healthful
environment" and also The Mandatory
Montana Constitution Article IX Section 1,
"The state and each person shall
maintain and improve a clean and
healthful environment in Montana
for present and future generations.

I. Brief

Jack B. Gehring is a citizen of United States of America, resident of Montana as a farmer-rancher residing near Helena, Montana, 81 years old. At about 10 years old helped my father spray weeds with a wheelbarrow sprayer. About 1950 bought a Hanson gadget sprayer mounted on a Ford tractor, some sprayer with repaired parts is on a 1961 Ford tractor used last year and will be this year. Spent over $100.00 already for weed spray.

II. Weeds and noxious weeds are spread by wind, vehicles, animals, people, and other ways. It is the duty of landowners to control noxious weeds and not to go to seed. The State, county, city of Helena and two defendants allowed noxious weeds to go to seed with great damage to Gehring.

III The damages demanded are very great but must be awarded to shock the Defendants, Respondents as to weed control.

2.

IV. Remember the important issues: a clean and healthful environment; The State and each person shall maintain and improve a clean and healthful environment in Montana for present and future generations."

Most Respectfully Submitted about April 26, 2005

Jack B. Gehring

Copies were mailed to Ed Smith, Clerk of the Supreme Court, P.O. Box 203003, Helena, Mt. 59620; Kevin F. Phillips, Counsel for State, Assistant attorney for State, Agency Service Bureau, 1712 Ninth Ave., Helena, Mt. 59620; Bill Gianoulias, Counsel for State, Chief Legal Counsel, Risk Management and Tort Defense Division, Dept. of Administration, 1625 Eleventh Avenue, Helena, Mt. 59620; Allen B. Chronister, 36 West Sixth, Counsel for County, Helena, Mta. 59624; Chad E. Adams, 139 N. Last Chance Gulch, Helena, Mt. 59624 (Counsel for City) K.D. Feeback, Counsel for Tally, Gough, Shanahan, Johnson and Waterman, 33 South Last Chance Gulch, Helena, Mt. 59624; G. Curtis Drake, counsel for Bill Bahny, 50 South Last Chance Gulch, Helena, Mt. 59624; about April 26, 2005.

Jack B. Gehring

3.